## Rudolph Kline v. The Mayor and City Council of Streator.

1. CITIES AND VILLAGES—*Appropriations of Funds for Building Bridges after the Time Limited by Law Has Expired.*—If a proposition to build a bridge and issue bonds for the same is sanctioned by a majority of the legal voters of the city, either by petition signed by them or at an election duly called, it is immaterial whether the subject was included in the annual appropriation bill or not. Further appropriations at any other time than during the first quarter of the fiscal year are authorized by law.

2. SAME—*Appropriation Bill May Be Amended.*—A city council may at any time during the first quarter of the fiscal year amend an appropriation bill passed by it, and in such amendment include an item for the building of a bridge not previously included.

3. SAME—*Force of Resolution.*—A resolution adopted by a city council by the same vote which is necessary for the adoption of an ordinance has the same force and effect as if in the form of an ordinance.

**Bill for an Injunction.**—Trial in the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Hearing and bill dismissed for want of equity. Appeal by complainant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

HENRY FETZER and McDOUGALL & CHAPMAN, attorneys for appellant.

P. J. LUCEY and BREWER & STRAWN, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant, as a taxpayer of the city of Streator, for himself and other taxpayers, filed his bill in equity against appellees to restrain them from issuing $25,000 of the bonds of the city of Streator to construct a bridge over Vermilion river, and from constructing such bridge. Upon the hearing the court denied the prayer of the bill and dismissed the same for want of equity, from which decree this appeal is prosecuted.

Various questions are made and argued by counsel for appellant in their argument by which they seek to reverse the decree, but we think it would subserve no good purpose to extend the length of this opinion in the discussion of all of them.

It appears from the record that on May 14, 1897, during the first quarter of the fiscal year of the city of Streator, the annual appropriation bill was passed, which made no reference to the bridge in question. After this, June 8, 1897, a petition purporting to be by 1421 legal voters of the city was presented to the council, asking for the construction of a bridge across Vermilion river at Main street within the city of Streator, and that the city borrow $25,000 for such purpose; by resolution of the city council a special election was held July 10, 1897, at which the proposition for issuing the bonds mentioned was submitted, and upon a canvass of the vote it was declared to have resulted in 846 votes for and 831 votes against the proposition; total num-

ber of votes cast at the election 1684; necessary to carry the proposition, 843; and the proposition was therefore carried by a majority of three votes. It is contended (1) that inasmuch as the bridge was not included in the annual appropriation bill it was unlawful to construct it; (2) that the petition to the council does not contain the requisite number of legal voters; (3) that the election was void for the reason the city council did not, at the time the resolution was passed, or at any time, fix the places of holding the election; (4) that to properly exercise the authority to build the bridge, an ordinance, and not a resolution, should have been passed by the city council; and lastly, the contract with the LaFayette Bridge Company for the construction of the bridge was executed by a committee without authority from the city council.

If the proposition to build the bridge and issue the bonds in question was sanctioned by a majority of the legal voters of the city, either by petition signed by them, or at a general or special election duly called therefor, then it was wholly immaterial whether the subject was included in the annual appropriation bill of the first quarter or not. (Rev. St., Chap. 24, Art. 7, Sec. 2.) A further appropriation at any other time than during the first quarter, within the fiscal year, is clearly authorized as above provided.

Moreover, it was held in King v. City of Chicago, 111 Ill. 66, that the council is given until the last moment of the period named to pass the appropriation bill, and this being true it is difficult to state any good reason why the council, at any time within such period, could not amend an appropriation bill passed by it. In the case presented, the appropriation bill was amended within the period named by the statute in which it could be passed, and such amendment included the item for the bridge here in controversy. We are inclined to the opinion this action of the city council was within the power conferred upon it by law.

In the view we have of the case, it will be unnecessary to determine whether the petition presented to the city council was signed by a majority of the legal voters of the city, as

we think the result of the special election gave to the action of the council, in respect to the bridge, all the sanction the law demanded. It is a misapprehension of counsel for appellant, wherein they insist the places of holding the election upon the proposition were not fixed and ordered by the city council. It appears from the record, the places of holding the election were fixed by the council in the different wards of the city, which, in our opinion, was reasonably definite, and could not have misled any voter desiring to vote at the election. It is difficult to perceive how any voter could be prejudiced in any of his rights for the want of a more specific knowledge of the places of election. It is beyond our comprehension of the ordinary intelligence of men to imagine they could not easily find the polling places in the wards in which they resided, if possessed of a real inclination to do so; neither is it denied the proper notice of the time of holding such election was given; and when examined, it appears from such notice the buildings, numbers and streets in which such election was to be held in the several wards of the city, were plainly stated; there is nothing in the record to dispute the places so specified in the notice were not the usual polling places in the wards, and it must be inferred, the council, by its order, intended the election to be held in such places, and that it was so understood and acted upon by the voters.

We are therefore of the opinion the election was properly held, and unless void, which, from what we have said, it is not, it can not be contested in this proceeding, and is, therefore, entitled to all the force and effect attributed to it by the statute, and is valid and binding against appellant and all others.

There is little force and less merit in the point that the exercise of the power to build the bridge or borrow money should have been in the form of an ordinance instead of a mere resolution of the city council. In respect to the effectiveness of either form of enactment by the council, its force does not so much depend upon the form as upon the ultimate purpose to be attained. Here no reason is appar-

ent why the resolution adopted by the council has not the same force and effect it would have if in the form of an ordinance. The only difference is in form, merely. The vote by which it was adopted was the same as required by law for the passage of an ordinance. The ayes and nays were taken, and it was passed by a vote of twelve ayes to one nay. The resolution, therefore, has the same force and effect as if in form of an ordinance.

The remaining point, that the committee who signed the contract with the LaFayette Bridge Company were without authority from the city council, is answered by an inspection of the record, which shows such authority had been conferred upon it.

Finding no error in the record and proceeding of the Circuit Court, its decree will be affirmed.