Submitted on briefs August 31, affirmed September 27, 1927.

## ADOLPH HAUKE v. J. V. TEN BROOK, MAYOR,

### ET AL.

#### (259 Pac. 908.)

**Constitutional Law — Charter Amendment Authorizing Council to Discharge Improvement Liens Against Land Up to Certain Amount Held Unconstitutional, as Special Immunity (Astoria City Charter, § 81A; Const., Art. I, § 20).**

1. Astoria City Charter, Section 81A, authorizing council to discharge "any and all" improvement liens or other charges against any land up to $150,000, *held* contrary to Constitution, Article I, Section 20, as permitting arbitrary grant of immunity from liability to some persons in preference to others similarly situated.

**Taxation—Taxation must be Equal and Uniform, Without Limitation Even to Particular Class of Citizens.**

2. All taxation must be equal and uniform, subject to certain principles of classification, but without limitation even to particular class of citizens.

**Injunction—Allegation That City Council Intends to Remit Large Assessments as Bonus to Corporation for Establishing Mill in City Held not to Authorize Injunction.**

3. Allegation of complaint, in suit to enjoin city council from putting into effect charter amendment, authorizing it to discharge improvement liens against land up to $150,000, that it proposes and intends to remit large sum of valid assessments as bonus to

2.  See 26 R. C. L. 242.

certain corporation for establishing paper mill in city, *held* not to authorize court to restrain such legislation.

Municipal Corporations—Constitutional Amendments Authorizing Cities to Adopt Charters Did not Repeal Restrictions on Municipal Legislation (Const., Art. XI, § 2).

4. Constitutional amendments granting cities and towns right to enact their own charters did not repeal provisions of Constitution, Article XI, Section 2, limiting extent to which municipal legislation may go on particular subjects.

Municipal Corporations—Municipal Corporations cannot Grant Private Corporations Pecuniary Aid, nor Release Them from Pecuniary Burdens (Const., Art. XI, § 9).

5. Constitution, Article XI, Section 9, prohibits release of private corporations, etc., from pecuniary burdens, as well as pecuniary aid to them, by municipal corporations.

Injunction—Supreme Court cannot Restrain Passage of Illegal Ordinances.

6. Supreme Court can declare an ordinance void when passed, but cannot restrain city council from passing illegal ordinances.

Municipal Corporations—Constitutionality of Charter Amendment, Conferring Additional Power on City Council, Depends on Authority Granted, not on What Council will Do.

7. Test of constitutionality of charter amendment, conferring additional power on city council, is not what council will do under it, but what it authorizes such body to do.

---

Constitutional Law, 12 C. J., p. 786, n. 79, p. 1111, n. 1, p. 1113, n. 25.

Injunctions, 32 C. J., p. 262, n. 45, p. 264, n. 58.

Municipal Corporations, 43 C. J., p. 156, n. 72, p. 157, n. 80; 28 Cyc., p. 1555, n. 87.

Taxation, 37 Cyc., p. 729, n. 77.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Edward C. Judd.*

For respondent there was a brief over the names of *Mr. H. K. Zimmerman,* City Attorney, and *Mr. J. J. Barrett, Amicus Curiae.*

---

5. See 19 R. C. L. 711.
7. See 6 R. C. L. 82.

McBRIDE, J.—This is a suit to enjoin the city council of the City of Astoria from putting into effect Section 81A, being an amendment to the city charter, which amendment is as follows:

"The common council of the city of Astoria shall have and it is hereby given power and authority, by ordinance, to cancel and discharge any and all liens or other charges which may have been heretofore levied by the city of Astoria against any lot, block, land or premises, including water frontage to the harbor line, by reason of any improvement for streets, sewers, reclamation, retaining walls or otherwise, not exceeding in the aggregate the sum of $150,000.00, inclusive of penalties and interest. Such ordinance or ordinances shall direct the proper official or officials of the city of Astoria to so cancel and discharge such lien or liens on the lien dockets of the city of Astoria and from and after the adoption of such ordinance or ordinances, such lien or liens so ordered, cancelled and discharged, shall cease to be incumbrances thereon, and such lots, lands and premises shall thereafter be free of the lien or liens so cancelled."

The complaint alleges sundry defects, and informalities in the method of submitting said amendment, but, for the purposes of this case, we treat the proceedings, relative to the submission thereof, as regular and the charter, so far as technicalities are concerned, as regularly passed so that it is a valid amendment, unless its provisions are contrary to our Constitution. In addition to the alleged defects in the submission of the charter amendment above quoted, the plaintiff alleges:

"That the Astoria Box & Paper Co. is and was during all the times herein mentioned a corporation existing under the laws of the state of Oregon, and

engaged in operating sawmills and box factories in the city of Astoria, Oregon.

"That said Astoria Box & Paper Co. owns, and has owned for several years last past, real property and water frontage in said city, and which has been subjected to special assessment liens in favor of the city of Astoria for improvements to streets, reclamation, sea walls, etc., a large portion of such liens being at this time unpaid. That said defendants as the common council of said city, under the pretended power and authority claimed to be vested in them as such common council, propose and intend to cancel and discharge such liens, upon condition that said Astoria Box & Paper Co. erect a wood pulp manufacturing plant on said property.

"That notwithstanding said common council had no legal authority for calling and holding said pretended special city election, in the manner hereinbefore stated, or at all, and notwithstanding said pretended special city election was held without warrant of law or any authority whatsoever, and its result, therefore being a nullity, the defendants are planning and proceeding to, and will, unless restrained by an order of the above entitled court actually cancel and discharge any and all liens or other charges, which have heretofore been levied by the said city of Astoria, against certain lots, blocks, lands, or premises, including water frontage to the harbor line situated in said city, owned by said Astoria Box & Paper Co., or such other property to be selected in the discretion of said common council, by reason of any improvement for streets, sewers, reclamation, retaining walls, or otherwise, not exceeding in the aggregate the sum of $150,000.00 inclusive of penalties and interest, all as set forth and by the pretended authority supposed to be embodied in said charter amendment, designated as 'Section 81A'—all of which if done accordingly, would result in great damage and irreparable injury to the above named plaintiff, and to the thousands of other taxpayers, of and in the said city of Astoria, as said liens and/or assessments so cancelled and

discharged from the lien dockets of said city, would thereafter have, of necessity, to be paid out of the general fund of, and by general taxation in, said city of Astoria, Oregon. That the said city of Astoria, under the powers existing in same, and as a municipality existing under the authority and as a subdivision of the state of Oregon, nor the defendants herein, as the common council of said city of Astoria, have no power, right, authority or license to cancel, annul or discharge special assessment liens existing in favor of said city and levied upon real property within said city, except upon the payment thereof in the manner and form as now provided by the charter of the city of· Astoria, that is, by payment in cash or by sale of such property in the event of delinquency.''

These allegations are not denied.

The defendants moved for a decree and judgment in their favor on the pleadings. This motion was allowed, and plaintiff's complaint dismissed. Plaintiff appeals.

1. We are clearly of the opinion that the amendment to the charter is a violation of both the letter and spirit of the Constitution. Section 20 of Article I of our Constitution provides that—

"No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.''

This amendment purports to grant to the city council the full power to release any lien or assessment that it may have on any property up to the amount of $150,000. It is true the provision is in the alternative ''any or all''; but the discretion to release, by ordinance, one man's liability to the city, and retain and enforce that of another precisely like it, is there notwithstanding. The effect is that, for

any reason, one citizen may secure an immunity from a liability in preference to another similarly situated.

2. All taxation is required to be "equal and uniform," subject, however, to certain principles of classification; but there is no limitation, even to a particular class of citizens. The right, attempted to be conferred, is purely arbitrary.

Taxpayers, who consented to the laying of assessments upon the property to be benefited by proposed improvements, no doubt did so upon the presumption and implied promise that such property would bear the expense of such proposed improvements, and, without any obligation on their part, to contribute thereto. If this amendment is constitutional, they now find themselves in a position where the city council may arbitrarily remit to one person, or a number of persons, $150,000 of such expense and saddle it upon the general taxpayers.

3, 4. The allegation that the council proposes and intends to remit a large sum of valid assessments as a bonus to a certain corporation in case they will establish a pulp and paper mill in Astoria, while admitted in defendant's answer, has no legal place in this case; but only stands as an example of what might be done should we hold the amendment constitutional. Constitutional amendments, granting cities and towns the right to enact their own charter, were not intended to repeal those provisions of the Constitution which limit the extent to which municipal legislation may go upon particular subjects. In other words, there has been granted to municipal corporations the same power and authority, in regard to intramural legislation, which the legislature might constitutionally have exercised before those constitu-

tional amendments were adopted: Section 2, Article XI, Const.

5. By Section 9, Article XI of the Constitution, it is provided that—

"No county, city, town, or other municipal corporation, by vote of its citizens, or otherwise, shall become a stockholder in any joint company, corporation or association, whatever, or raise money, for, or loan its credit to, or in aid of any such company, corporation or association."

A remark of Judge SWAYZE in *Jersey City* v. *North Jersey Street Ry. Co.,* 78 N. J. Law, 72 (73 Atl. 609), in considering a similar constitutional provision of that state and which is apropos here, reads as follows:

"I cannot distinguish in principle between direct pecuniary aid and aid by means of a release from a pecuniary burden."        •

6, 7. Nor can we. As before remarked, the allegations in the complaint, in regard to the intention of the council as to what property they will release, are not sufficient to call into action the authority of the court to restrain such legislation. While we have authority to declare an ordinance void when passed, there is no power in the court to restrain the council from passing any illegal ordinances. We simply call attention to these allegations and the admission of their truth as an instance to show what may be done under the charter amendment here considered. The test of the constitutionality of the amendment is not what the council will do under it, but what it authorizes that body to do. In that respect, it authorizes the council to take a fixed, authorized and legal burden off of the shoulders of one person or corporation

and place it on the back of plaintiff and other tax-payers. This cannot be legally done.

We are not unmindful of the heavy burdens which the great calamity of fire has inflicted upon the citizens of Astoria, and sympathize with them in every lawful effort to rehabilitate their community, but there are well-defined limitations beyond which the city cannot go, and, therefore, beyond which this court cannot go to aid them, and to do so would bind this court by a precedent which, while it might work a temporary benefit to that community, would in the end be detrimental to the best interests of the people as a whole. We hold the charter amendment wholly void and of no effect.

As we have stated before, while we have power to declare any ordinance passed under the charter amendment now in controversy will be absolutely void, for the reason that the charter amendment purporting to authorize it is of no effect, we have no power to restrain the council in advance from passing an ordinance releasing any lien, which the city now lawfully holds upon property in the city limits. The council has the technical right to enact any legislation it may see fit, void or otherwise, and thereafter the courts may lawfully exercise their authority to restrain the putting of such legislation into effect should it deem it void. We have only considered the validity of the amendment here with a view of perhaps preventing further litigation. The order of the Circuit Court is affirmed, without costs to either party.                                    AFFIRMED.