Submitted on brief of appellant January 20, reversed February 7, 1928.

## W. E. JOPLIN *v.* J. C. TEN BROOK, MAYOR, ET AL.

(263 Pac. 893.)

**Municipal Corporations—Charter has Effect of Constitution for City Government.**

1. City charter constitutes, in effect, Constitution for the government of that city, in so far as it does not conflict with the state Constitution.

**Statutes—Legislature is Exclusive Judge of Necessity of Emergency Measures, and It Determines When Emergency Exists (Const., Art. IV, § 28, and § 1, as Amended on June 2, 1902).**

2. State legislature is exclusive judge of necessity of emergency measures, and has exclusive right to determine when an emergency exists, under Constitution, Article IV, Section 28, and Section 1, as amended by the people on June 2, 1902, limiting emergency measures to acts necessary for immediate preservation of public peace, health or safety.

**Municipal Corporations—General Statement in Emergency Ordinance That Immediate Effect is Necessary Held Binding on Courts (Const., Art. IV, § 28, and § 1, as Amended June 2, 1902; Astoria City Charter).**

3. Under Astoria City Charter, permitting enactment of emergency ordinances, provided ordinance contains statements that

---

2. See 25 R. C. L. 801.

3. Conclusiveness of legislative declaration of emergency requiring statute to take effect immediately, see note in 7 A. L. R. 519. See, also, 25 R. C. L. 802. Construction of statutory provision respecting emergency clauses, see note in **Ann. Cas.** 1917E, 985.

emergency exists, and specifies reason constituting such emergency, general statement in ordinance that immediate effect is necessary for peace, health or safety of community will be binding on courts, if, on the face of the ordinance, it might seem to reasonable minds that emergency existed, in view of Constitution, Article IV, Section 28, and Section 1, as amended June 2, 1902, permitting emergency measures.

**Municipal Corporations—Court will Declare Void Emergency Ordinance, Where There is No Emergency, and Purpose is to Avoid Referendum (Astoria City Charter).**

4. Where it is apparent on the face of emergency ordinance, enacted under Astoria City Charter permitting such ordinances, provided they specify reason constituting emergency, that there is no urgent necessity for its immediate passage and taking effect, but that declaration of urgency is intended to avoid referendum on proposed measure, court will scrutinize the declaration, and declare the ordinance ineffective, if no seeming emergency exists.

**Municipal Corporations—Emergency Ordinance, Shortening Time for Election on Amendment to Charter, Held Subject to Referendum and Void for Failure to State Legal Emergency (Astoria City Charter).**

5. Under Astoria City Charter, permitting enactment of emergency ordinances, if reason constituting emergency is specified, emergency ordinance, submitting an amendment to the city charter which attempted to shorten time for election on amendment, made changes in procedure, provided penalties for violation, and repealed sections of other ordinances, constituted municipal legislation subject to the referendum, and was void as improper emergency measure, where only reason given for its enactment was that "the objects of this ordinance will be of great benefit to the people of the city of Astoria," since no legal emergency was stated such as would prohibit referendum.

**Municipal Corporations—That Ordinance will be of Great Benefit is not Reason for Its Going into Effect Immediately.**

6. The mere fact that an ordinance will be of great benefit is not an urgent reason for its going into effect immediately, as every valid law or ordinance is presumed to be passed because of its prospective benefit to community.

**Municipal Corporations—Charter may Require More Explicit Statement of Emergency in Ordinances Than Constitution Requires in Statutes.**

7. Inhabitants of City of Astoria have right, through their charter, to require more explicit statement in ordinance in matter of declaring an emergency than the Constitution requires of the legislature with regard to emergency measures.

**Municipal Corporations—Ordinance Providing System of Submitting Charter Amendments Held Operative, Notwithstanding Subsequent Void Emergency Ordinance Purporting to Supersede it (Astoria City Charter).**

8. City ordinance, providing complete system for submitting charter amendments, continued in force, and was not impaired or

superseded by subsequent emergency ordinance shortening time for submission of amendments to charter, where such later ordinance was void as not stating emergency in manner required by Astoria City Charter.

Constitutional Law, 12 **C. J.**, p. 890, n. 51.
Municipal Corporations, 43 **C. J.**, p. 84, n. 82, p. 587, n. 37, 38, 39 New, 45 New.

From Clatsop: J. U. Campbell, Judge.

In Banc.

Reversed.

For appellant there was a brief over the name of *Mr. J. J. Barrett.*

No appearance for respondents.

McBRIDE, J.—This suit was begun originally for the purpose of having a certain ordinance of the City of Astoria, designated as Ordinance No. 27–82, submitting an amendment to the city charter of the City of Astoria, to be submitted to the voters of that city, declared void, and the proposed enactment amending the city charter, being Ordinance No. 27–83, also declared void, and to enjoin any proceeding by the city council thereunder.

1. We had occasion to consider the validity of the proposed amendment to the city charter herein referred to in the case of *Hauke* v. *Ten Brook et al.,* 122 Or. 485 (259 Pac. 909), and in that case we held that said amendment was void and beyond the power of the city council to enact; so that feature of this case is disposed of. But, another question arises here, which, for the sake of clearing up any doubt as to the method of procedure in submitting amendments to a charter, or other matters of the same character, to the voters, we think it necessary

to consider in this case; and in so doing, we will cite certain provisions of the Constitution of this state and of the charter of the City of Astoria, which, in effect, constitutes a Constitution for the government of that city in so far as it does not conflict with the Constitution of the state.

Section 28 of Article IV of the state Constitution is as follows:

"No act shall take effect until ninety days from the end of the session at which the same shall have passed, except in case of emergency; which emergency shall be declared in the preamble or in the body of the law."

2. By Section 1 of Article IV of the Constitution, as amended by the people on June 2, 1902, emergency measures were limited to such laws as were necessary for the immediate preservation of the public peace, health or safety; and the courts of this state have consistently held that the legislature of the state is the exclusive judge of the necessity of such measures, and has the exclusive right to determine when the emergency exists; so that doctrine may be considered as thoroughly settled in this state.

The charter of the City of Astoria has a provision to the effect that—

"An emergency ordinance may be enacted upon the day of its introduction, providing it shall contain the statement that an emergency exists, and specify the reason constituting such emergency."

The question which arises here is, whether the ordinance, now under consideration, constitutes such an emergency within the intent of this provision of the charter. It will be noticed that this provision goes further than the provision in the original Constitution

of the state and requires, not only that an emergency shall have existed, but that the council shall give a reason or reasons for declaring such an emergency. We take it, that it was the intent of this section to require something more than a mere declaration that an emergency existed, or that a particular ordinance was necessary to secure the peace, health or safety of the community, and to require, in addition, the statement of some valid or apparently valid reason why such an emergency existed. It may well be, as remarked by the court, in *Ex parte Hoffman,* 155 Cal. 144 (99 Pac. 517), that—

"The nature of the ordinance itself will, in most instances, be determinative, and where a sudden emergency has arisen, a statement of the nature of the urgency finds proper place to support the declaration."

3, 4. We hold in this case and in all cases, where the action of the city council is involved, if upon the face of the ordinance it reasonably appears that an emergency exists, or might seem to a reasonable mind to exist, that a general statement that the immediate effect of the ordinance is necessary for the peace, health or safety of the community, such declaration will be binding on the courts even though the courts might differ as to the urgency so declared. But, where it is apparent upon the face of the ordinance that there is no urgent necessity for its passage and going into effect immediately, and it is apparent that the real reason for such declaration of urgency is to avoid the invocation of referendum upon the proposed measure, the court will scrutinize the declaration and, if no seeming emergency actually exists, it will declare the ordinance ineffective. Citing *Ex parte Hoffman, supra,* and *Morgan* v. *City of Long*

*Beach,* 57 Cal. App. 134 (207 Pac. 53). Such appears to be the drift of opinion wherever the courts have examined the question since the initiative referendum clause has obtained in their various Constitutions.

At the time the ordinance in question was passed, there was upon the statute books of the City of Astoria municipal Ordinance No. 6187, which provided a complete system for submitting amendments to the charter to the people, and, among other provisions, it was there provided that—

"The election upon said proposed amendment * * shall be held not less than 30 days from the time of the passage of the ordinance providing for the submission of such amendment."

The ordinance now in question attempted to shorten this time to twenty-eight days and made changes in other respects as to the procedure, provided severe penalties for a violation of some of its provisions, and ended by repealing all sections of previous ordinances in conflict with the proposed ordinance. The case at bar is not like the case of *Campbell* v. *City of Eugene,* 116 Or. 264 (240 Pac. 418), which merely provided for carrying out the details of an election already provided for by previous laws, and which we held to be not municipal legislation.

5, 6. We hold that the ordinance referred to in the present case, which repealed previous laws, provided a different procedure and enacted or pretended to enact serious penalties for the violation of some of its provisions, is municipal legislation and, as such, was subject to the referendum.

In view of what we have already said of the right to inquire into the reasons for declaring an emergency, where it is not apparent upon the face of the ordinance itself, we are compelled to hold that the

ordinance here attacked states no legal emergency and no reason for any haste in putting it into effect in such a manner as to prohibit a referendum upon it.

The only alleged reason is that "the objects of this ordinance will be of great benefit to the people of the City of Astoria." The mere fact that a law will be of great benefit states no urgent reason for its going into effect immediately, as every valid law or ordinance is presumed to be passed because of its prospective benefit to the community. Examining the ordinance as a whole, it appears that it was passed with the predominating intention of putting into effect an amendment to the city charter of Astoria, which, on its face, was invalid, and was thereafter so held in this court in the case of *Hauke* v. *Ten Brook et al.,* 122 Or. 485 (259 Pac. 908). As it appears that there was no valid reason for passing the ordinance, we are constrained to hold that it is void and of no effect.

7. We do not wish to be misunderstood as in any way setting aside the decisions of this court in respect to laws passed by the legislature of the state; but the people of the City of Astoria, by their charter, have a right to require a more explicit statement in the matter of declaring an emergency than the Constitution of the state requires of its legislature. While, as before intimated, if a simple declaration, such as has been approved by the court in cases in which the state legislature is involved, is supplemented by an inspection of the ordinance itself so that by taking the declaration and the terms of an ordinance together, it can be plainly seen that no valid emergency actually exists, the courts will not allow the right of the citizens to have the referendum of the ordinance defeated by a false statement of an

emergency, and, especially, in a case where the charter requires the reasons to be given.

In *Kadderly* v. *Portland,* 44 Or. 119 (74 Pac. 710, 75 Pac. 222), the reasons for the passing of a certain city ordinance were given *in extenso,* and the same is the case in *Thielke* v. *Albee,* 79 Or. 48, 60 (153 Pac. 793), the emergency in that case being declared in the following terms:

"An emergency is hereby declared to exist in this: The present laws regulating motor busses being inadequate, it is necessary in order to protect the health, peace and safety of the people of the city of Portland, that this ordinance be passed immediately; therefore this ordinance shall be in force and effect from and after its passage by the council."

The matter quoted above was the first thing called to the attention of Mr. Justice BURNETT, and first alluded to in his opinion in that case. In applying the rule we have herein laid down it will be seen, first, that the very ordinance itself indicated its necessity for the safety of citizens upon the crowded streets of Portland, and, second, care of the council in giving a valid reason. It may be added that the charter of the City of Portland, at that time, required a statement of the reasons constituting the emergency. In fact, we have found no case, where this clause existed in the charter, where some valid and substantial reason has not been given.

8. It might seem that after our decision in *Hauke* v. *Ten Brook et al., supra,* nothing more need to have been added, but the situation is peculiar in that some doubt might exist as to other provisions of the ordinance, and there might be some question as to whether Ordinance No. 6187 is still in force in its entirety, or whether it is in force as modified by the ordi-

nance under consideration. To clear up that confusion, so that the city authorities may know hereafter the procedure which is now in force, we hold that Ordinance No. 6187 is still in force, and that Ordinance No. 27–82 is absolutely void.

This case being a matter of general interest to the whole community, and evidently being brought to test the validity of the ordinance, neither party will recover costs.

The decree of the lower court is reversed.

REVERSED.