Argued on demurrer to writ March **28, writ** dismissed April 3, 1928.

## CLARA M. ROY *v.* JOS. W. BEVERIDGE, County Clerk.

(266 Pac. 230.)

Municipal Corporations — Municipality had Authority to Enact Emergency Ordinance Submitting to Vote Ordinance Authorizing Consolidation of Electric Power Companies (Const., Art. IV, §§ 1, 1a).

1. Under Constitution, Article IV, Sections 1 and 1a, relative to initiative and referendum powers and providing that referendum may be ordered except as to emergency law, municipality had au-

---

1. Construction of initiative and referendum statutes with reference to emergency clauses, see notes in Ann. Cas. 1916B, 819; Ann. Cas. 1917E, 985. See, also, 19 R. C. L. 909.

thority to pass emergency ordinance submitting to a vote of the people ordinance authorizing consolidation of electric power companies; the ordinance and resolution being mere administrative acts of council, and not subject to referendum.

**Municipal Corporations—Statutes—Legislative Act, to be Effective as Emergency Measure, must be Necessary for Immediate Preservation of Peace, Health or Safety of Community.**

2. In order for legislative act, whether passed by legislature or city council, to be effective as an emergency measure, it must appear that in the judgment of the legislature the immediate efficacy of the act or ordinance is necessary for the immediate preservation of peace, health or safety of community.

**Elections—Voter, Having Changed Residence, Held not Entitled to Registration After County Clerk Closed Books Pursuant to Ordinance Calling Special Election Within Municipality (Or. L., § 4057).**

3. Under Section 4057, Or. L., relative to registration of qualified electors by county clerk, elector, having changed residence, *held* not entitled to registration after county clerk closed registration books to voters pursuant to ordinance calling special election within municipality.

Mandamus, 38 C. J., p. 721, n. 58.
Manner, 38 C. J., p. 959, n. 26.
Municipal Corporations, 43 C. J., p. 576, n. 14, 16, p. 584, n. 91, p. 585, n. 11, 12, p. 586, n. 30, p. 587, n. 39.

Original proceeding in *mandamus.*

This is a proceeding in *mandamus* to compel the defendant, Jos. W. Beveridge, County Clerk of Multnomah County, Oregon, to permit the plaintiff, Clara M. Roy, to change her registration as a voter in Portland, Multnomah County, Oregon.

The substance of the plaintiff's petition and of the writ is as follows:

"On the 7th day of March, 1928, the city council of the city of Portland, passed an ordinance permitting the consolidation of two electric power companies, having franchises in the city of Portland, which ordinance is set out and marked Exhibit 'A' in the plaintiff's petition. On the same day the council passed an ordinance submitting the ordinance per-

2. See 25 R. C. L. 801.

mitting the consolidation to a vote of the people and calling a special election therefor.

"Both of these ordinances contained the emergency clause. The charter of the city of Portland provides, as appears by the record in this case, that every ordinance other than an emergency ordinance shall have three public readings, not more than two of which shall be at the same regular legislative session, and at least one week shall elapse between the introduction and final passage of any ordinance, and further provides that ordinances passed by the council shall go into effect thirty days after their approval by the mayor.

"The charter provides further that an emergency ordinance may be enacted upon the day of its introduction providing that it shall contain the statement that an emergency exists and specify with distinctness the facts and reasons constituting such an emergency.

"Pursuant to the ordinance calling the special election for the purpose of the people of Portland approving or disapproving the ordinance authorizing the consolidation of the two companies, and notice of such ordinances sent to him by the city authorities, Joseph W. Beveridge, the county clerk of Multnomah County, Oregon, closed the registration books to the voters residing within the territorial limits of the city of Portland.

"The petitioner herein applied to the county clerk for permission to change her registration, she having married since her prior registration and having changed her address to another precinct. The county clerk refused to allow her to make such change and she brings this action for a writ of *mandamus* to compel him to do so."

                                        WRIT DISMISSED.

For plaintiff there was a brief and oral arguments by *Mr. John C. Veatch* and *Mr. Walter B. Gleason.*

For defendant there was a brief and oral argument by *Mr. Stanley Myers,* District Attorney.

*Messrs. Griffith, Peck & Coke* and *Mr. John A. Laing,* on brief, *Amicus Curiae.*

McBRIDE, J.—1. In the first place it seems proper to consider the extent of the power of the city council of Portland to pass an emergency ordinance. Section 28 of Article IV of the Constitution is as follows:

"When Act to Take Effect. No act shall take effect until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble or in the body of the law."

This refers only to acts of the legislature and has no relevancy in respect to the passage of a city ordinance.

In Section 1 of Article IV of the Constitution as amended June 2, 1902, which section deals with the referendum powers of the people with respect to laws passed by the legislature, it is provided that the referendum may be ordered "except as to laws necessary for the immediate preservation of the public peace, health or safety" by petition, *et cetera.* But standing alone this section does not in any way affect the power of cities to pass ordinances or authorize a referendum of such ordinances.

On June 4, 1906, the people by the initiative further amended the Constitution in reference to the exercise of the initiative and referendum power, such amendment being designated as Section 1a, Article IV, of the Constitution. That portion of the section relevant to the question here under discussion is as follows:

"The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legisla-

tion, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation.''

By reference to Section 1 of Article IV, we find that the people have the power to invoke the referendum on all laws passed by the legislature except those necessary for the immediate preservation of the public peace, health or safety.

2. By Section 1a of Article IV, we find that these same powers are granted to the voters of municipalities, neither greater nor less. There are two methods prescribed by either of which these powers may be exercised by the municipalities. First, by pursuing the method provided by the state law, and second, by a method of their own prescription. The municipalities find themselves subject to certain powers granted the voters by the Constitution with, however, the right to provide the *manner* in which they shall be exercised. The word ''manner'' means ''method'' or ''way.'' In other words, in order for a legislative act, whether passed by the legislature or a city council, to be effective as an emergency measure, it must appear that in the judgment of the legislature, the immediate efficacy of the act or ordinance is necessary for the immediate preservation of the peace, health or safety of the community, and in *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222), this court in an exhaustive and masterly opinion by Mr. Justice ROBERT S. BEAN held that power of determining existence of such an emergency was exclusively with the legislature and that the courts had no authority to question that determina-

tion.   That opinion is supported by the great weight
of authority and has been consistently followed by
this court since that date.   But the charter of the
City of Portland contains the following provision:

"An emergency ordinance may be enacted upon
the day of its introduction, providing that it shall
contain the statement that an emergency exists and
specify with distinctness the facts and reasons con-
stituting such emergency."

In *Joplin* v. *Tenbrook*, 124 Or. 36 (263 Pac. 893),
we held that a similar provision in the charter of the
City of Astoria was valid and that an ordinance, which
not only proposed to call a special election but pro-
posed to submit to the voters an ordinance palpably
in violation of the express provisions of the Constitu-
tion of the state, clearly disclosed on its face that
such ordinance was not necessary for the peace, health
or safety of the city and was void.   That ordinance
not only proposed that a special election should be
held but attempted to repeal various ordinances of the
city in regard to the manner of holding election and
imposed severe penalties upon persons violating its
provisions.   We held that the ordinance in question
was an attempt at general legislation and that instead
of being a mere administrative act, as in the case of
*Campbell* v. *City of Eugene,* 116 Or. 264 (240 Pac.
418), it was an attempt to avoid a referendum of the
ordinance, which the council proposed to submit to the
voters, and therefore void.

The distinction between the case of *Joplin* v. *Ten-
brook, supra,* and the case of *Campbell* v. *City of
Eugene, supra,* is clear.   In *Campbell* v. *City of
Eugene, supra,* the council attempted no general legis-
lation, but simply called a special election as it had a

125 Or.—7

right to do, and we held that an ordinance passed under such circumstances was not municipal legislation, but a mere administrative act.

We quote from the opinion of Mr. Justice Bean as follows:

"Whatever may be the requirement as to the form of the enactment, the action of a municipal council relating to subjects of a permanent or general character is municipal legislation, while those which are temporary in their operation and effect or administrative are not municipal legislation: 2 Abbott's Municipal Corp., §§ 514, 516; 1 Beach on Public Corp., §§ 483, 484, 486, 21 Am. & Eng. Ency. of Law (2d ed.), 948; 28 Cyc. 347; *City of Alma* v. *Guaranty Sav. Bank,* 60 Fed. 203 (8 C. C. A. 564); *City of Lincoln* v. *Sun Vapor Street Light Co.,* 59 Fed. 756 (8 C. C. A. 253); *City of Central* v. *Sears,* 2 Colo. 589. The distinction between acts that are legislative and those that are administrative is not destroyed by reason of the fact that the charter of the city may require the latter to be accomplished by an ordinance: *Long* v. *City of Portland,* 53 Or. 92 (98 Pac. 149, 1111), *supra*; *Shaub* v. *Lancaster City,* 156 Pa. 362, 366 (26 Atl. 1067, 1068, 21 L. R. A. 691). The fact that an order for a special election must be effected by an ordinance and not by a resolution will not bring the act within the classification of municipal legislation: 1 Beach on Public Corp., § 484. * *

"The legislature of this state enacted a law, which was in force in the city of Eugene, providing for ordering special elections to be held to vote upon municipal measures, and the common council of the city in calling or ordering this special election was making no general law, enacting no legislation, but was simply and purely carrying out or executing a law already made by the legislature. An accurate test of the question as to whether an action of the common council is legislative or administrative is the determination of the question whether the act of the

council was making a law or executing one already in existence."

The opinion in the *Campbell* v. *City of Eugene* case clearly states the law and absolutely fits and settles the case at bar. To refer a call for a referendum would institute a series of referenda and would lead nowhere.

The court is not here concerned with the emergency clause on Ordinance No. 54190, which proposed to grant permission to the Northwestern Electric Company to sell its properties to the Portland Electric Power Company. It is conceded that it is a valid ordinance except as to the emergency clause. Even if the emergency clause were invalid, it would still be a valid ordinance and would take effect from the date of its approval by the people. Ordinance No. 54191 and Resolution No. 18212, being mere administrative acts of the council, are not subject to referendum: *Campbell* v. *City of Eugene, supra.*

3. Holding as we do, that the proceedings for the submission of Ordinance No. 54190 are valid, we come to the effect of the calling of this special election has upon the right of plaintiff to change her registration. This is governed by Section 4057, Or. L., which was originally Section 4, Chapter 225, Laws 1915, the title of which is as follows:

"An Act to provide for the registration of voters, providing the manner of such registration, the time of such registration, the duties of the county clerk in respect to such registration, for the appointment of official registrars, defining their duties, providing for penalties for violation of this act, providing that this act shall apply to certain municipal corporations, and repealing sections 3447, 3448, 3449, 3450, 3451, 3452, 3453, 3455, 3456, 3457, 3458, 3459, 3460, 3461, 3462, 3463, 3464, 3465, and 3466 of Lord's Oregon Laws,

and Chapter 323 of the General Laws of Oregon for 1913."

The particular section above referred to is as follows:

"Section 4. The county clerk shall register any qualified elector who may request to be registered at any time after the first Monday in January, 1916, except that he shall refuse to register any elector during 30 days next preceding any general or primary election, or 15 days next preceding any special election, held throughout the county. In case such special election is not held throughout the county, he shall not register any electors residing in any precinct in which a special election is to be held during the 15 days next preceding such special election. If the county clerk wrongfully refuses to register any qualified elector, such elector may proceed by *mandamus* to compel him to do so. This law shall not operate to prevent any additional registration required by the charter or ordinance of any incorporated city or town."

It seems clear both from the title of the act and the section above quoted that the County Clerk acted entirely within his duty in closing the registration books up to the date of the proposed election and that the plaintiff will lose the privilege of voting on the question of merger of power companies. However, if she exercises the same zeal to have her registration changed after the special election as she has under existing circumstances, she will have the inestimable privilege of voting at the May primaries and at the November election.

The writ is dismissed.

                                        WRIT DISMISSED.

RAND, C. J., did not participate in this case.