Argued June 24; affirmed July 8, 1932

# WHITBECK *v.* FUNK, Auditor

(12 P. (2d) 1019)

*John A. Jeffrey,* of Portland, for appellant.

*Frank S. Grant,* of Portland (R. A. Imlay, of Portland, on the brief), for respondent.

BEAN, C. J.  Plaintiff contends that Ordinance No. 61566 is a franchise ordinance and, therefore, comes within the provisions of section 173 of the charter, quoted above, and is subject to the referendum.

A franchise is a special privilege granted by the government to a person or corporation, which privilege

does not belong to the citizens of a country generally, of common right: 26 C. J. 1008, § 1. A franchise confers the right to exercise powers or to do and perform acts which, without such grant, the person to whom it is granted could not do or perform: *Oregon v. Portland General Electric Co.*, 52 Or. 502, 526 (95 P. 722, 98 P. 160); *Western Union Tele. Co. v. Hurlburt*, 83 Or. 633, 636 (163 P. 1170). A franchise consists in the incorporeal right. It does not involve an interest in land. The property acquired is not the franchise: *Oregon v. Portland General Electric Co.*, supra. The ordinance in question is not a franchise.

■ The constitution of Oregon reserves to the legal voters of every municipality the referendum on all local, special and municipal legislation: Section 1(a), Art. IV, Const. of Oregon. The crucial test for determining what is legislative and what is administrative is whether the ordinance is one making a new law or one executing a law already in existence: *Campbell v. Eugene,* 116 Or. 264 (240 P. 418); *Monahan v. Funk,* 137 Or. 580 (3 P. (2d) 778).

■ The act of purchasing a parcel of real estate is not legislative: *Joplin v. Ten Brook,* 124 Or. 36 (263 P. 893); *Monahan v. Funk,* supra; *Roy v. Beveridge,* 125 Or. 92 (266 P. 230).

■ The Ordinance No. 61566, selecting and designating certain property for use as a public market and authorizing the purchase thereof and the preparation and execution of a contract, was not municipal legislation. The legislation authorizing the issuance of public market utility certificates for the construction or acquisition by purchase of a public utility within the city and providing for the security of the certificates is contained in section 155 of the city charter, and the

council, by Ordinance No. 61192, ordained provisions for the issuance and sale of public market utility certificates in an amount not exceeding $2,500,000 and authorizing the execution of a trust mortgage against real property to secure the certificates. This ordinance recites that it was the purpose and intention of the city of Portland to obligate itself to establish a public market, as a public utility, and to purchase land, buildings and equipment thereof, and further provided that the selection of the site should thereafter be made by the council by ordinance. This ordinance was subject to the referendum under the provisions of section 155 of the charter. Not so, however, with Ordinance No. 61566. This ordinance does not enact legislation. It is merely carrying out a business transaction designating real property for use as a public market and authorizing the purchase thereof and the preparation and execution of the contract. The ordinance shows, first, that it selects and designates certain property described therein for use as a public market and authorizes the purchase thereof from the Public Market Company of Portland, Oregon, together with a building to be constructed and equipped thereon by the Public Market Company of Portland; second, it authorizes the Mayor and Auditor to execute, on behalf of the city, a contract with the Public Market Company of Portland for the purchase of said real property and building. It grants neither to the Public Market Company of Portland nor to the city itself the right to operate a public market as a public utility. It is purely and simply an ordinance selecting a site for a public market and providing for its purchase, together with a building to be erected and equipped thereon by the Public Market Company of Portland.

■ The ordinance does not contemplate that the Public Market Company shall operate and maintain the market, but the city shall operate and maintain the same as a public utility. The sovereign power cannot well grant a franchise to itself, since in such a case it would operate, not by virtue of a franchise but by virtue of its sovereignty. While an ordinance or law granting special privileges to a private corporation may be a franchise, if a like ordinance or law authorizes the municipality itself to carry on the same activity, it would not be a franchise: *Marin Water & Power Co. v. Sausalito,* 49 Cal. App. 78 (193 P. 294).

The act of the auditor in refusing to receive the petition for referendum was proper and the judgment of the circuit court dismissing the alternative writ of mandamus was correct.

The judgment is affirmed.

ROSSMAN and KELLY, JJ., not sitting.