418

A. H. READ, DOING BUSINESS AS A. H. READ COMPANY, APPELLANT, V. CITY OF SCOTTSBLUFF, APPELLEE: GILBERT I. GODSEY, INTERVENER, APPELLEE.

297 N. W. 669

FILED APRIL 25, 1941. No. 31093.

*Floyd E. Wright,* for appellant.

*Straight Townsend* and *William Morrow, contra.*

Heard before SIMMONS, C. J., PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL and POLK, District Judges.

PAINE, J.

This was an action in equity, asking the court to determine the rights of the parties under a contract and enter a declaratory judgment. The district court found generally for the defendant and intervener, and dismissed plaintiff's petition, and plaintiff appealed.

Plaintiff filed his petition on July 12, 1940, alleging that the defendant city, by ordinance No. 537, enacted April

27, 1939, created Paving District No. 24. The city engineer presented estimates and specifications for paving, which were accepted by the city, and notice given for bids. Plaintiff submitted bids for various types of pavement, and was low bidder on type No. 3 for three-inch bituminous concrete foundation, with one-inch sheet asphalt on top. On May 31, 1940, the mayor and city council accepted said bid and entered into a contract in the sum of $35,618.50, which contract was signed by the mayor and city clerk on June 8, 1940. Plaintiff thereupon gave bond, which was duly approved.

Plaintiff commenced work under the contract, and on July 9, 1940, at a regular meeting of the council, presented an estimate of the work performed under said contract, showing 2,000 cubic yards of dirt excavated at 35 cents a cubic yard, the claim being for $560, or 80 per cent. of the amount of the estimate, which claim was disallowed by the mayor and council. On July 1, 1940, there was filed with the city clerk a petition, signed by 714 persons, of which 593 were registered voters, which petition asked that plaintiff's contract be referred to the voters for rejection or approval.

Plaintiff contends that his contract is in full force and effect, and that the petition for a referendum is ineffective, for the following reasons: (1) That the initiative and referendum does not refer to contracts of the character involved herein, but only to contracts for the government of the city; (2) that the contract entered into became effective June 30, 1940, and that the referendum petition was filed too late to entitle the question to be submitted to the voters; (3) that the petition filed was void because at least ten persons signing same failed to make oath before a competent officer that they were duly qualified voters.

Plaintiff alleges that, unless the court adjudicates the rights of the parties under the contract, it is unsafe for plaintiff to continue under said contract, and therefore prays the court to render a declaratory judgment as to the rights and obligations of the parties.

For answer the city of Scottsbluff, defendant, admits the first 12 paragraphs of plaintiff's petition, and sets out certain defects, and prays that the court determine the rights of the parties and enter a declaratory judgment as to the validity of said contract.

On August 1, 1940, Gilbert I. Godsey, having received leave of court, intervened and filed an answer, in which the intervener denied that said contract is in full force and effect, denies that plaintiff is entitled to proceed with the paving, denies that plaintiff is entitled to be paid as provided in the contract, and alleges that by reason of the filing of the petition the question of the acceptance or rejection of the contract must be submitted to the voters, and that the operation of said contract must be suspended until the next general city election. On August 5, 1940, plaintiff filed reply to the answer of the intervener.

Said cause was tried August 5, 1940, in the district court and taken under advisement, and journal entry was filed on August 10, 1940, finding that on May 31, 1940, the mayor and city council accepted bid of plaintiff as alleged, and his bond was duly approved, and that the plaintiff had performed certain work set forth in paragraph No. 8 within 30 days after the acceptance of the bid; that a referendum petition was filed on July 1, 1940, and that 593 registered voters signing the same are more than 15 per cent. of the total registered voters of the city of Scottsbluff.

The court finds that the work done by the plaintiff described in his petition was done within 30 days after his bid was accepted. As conclusions of law, the court finds that the initiative and referendum as adopted by the city of Scottsbluff applies to such contract; that while 30 days from the date of the passage of the motion by the city council accepting the bid expired on June 30, which was Sunday, the referendum petition, which was filed July 1, 1940, was filed within the time as provided by law.

The court further finds that the work done by the plaintiff, described in paragraph 8 of his petition, was done when said contract was not in full force and effect, and

therefore plaintiff cannot recover for said work under the terms of the contract. The court therefore dismissed the petition at the costs of plaintiff.

In the motion for new trial, plaintiff sets out that the court erred in holding that the initiative and referendum applies to plaintiff's contract; that the court erred in holding that, while 30 days expired June 30, 1940, the last day being Sunday, the petition filed July 1, 1940, was filed within time as provided by law; that the court erred in holding that the work done by plaintiff was done when the contract was not in full force and effect, and therefore plaintiff could not recover for said work under the terms of his contract; and, lastly, that the judgment of the court is contrary to the evidence and contrary to law.

The facts are undisputed that the city of Scottsbluff created a paving district by ordinance. The abutting property owners did not agree upon or ask for any particular type of paving, therefore the mayor and council determined the type which should be used in this contract.

The first contention of the appellant is that this was not a legislative act, but just an administrative act, and therefore it was not subject to the referendum petition.

"It is the general rule that initiative and referendum provisions are applicable only to acts which are legislative in character, and are not applicable to those dealing with administrative or executive matters." 122 A. L. R. 769, Ann.

This court in *Schroeder v. Zehrung*, 108 Neb. 573, 188 N. W. 237, had before it a case in which a judgment of dismissal had been entered in a suit to enjoin the mayor and council of the city of Lincoln from entering into a contract with the Technical Advisory Corporation for certain work, including the preparation and submission to the council of a proposed ordinance relating to zoning. It was held that the resolution was simply to obtain data and information for the framing of an ordinance to be submitted, and that the resolution is an administrative act, rather than a legislative act, and that the referendum is applicable to

municipal legislation, that is, to an ordinance which is a declaration of municipal law upon any subject.

In an Oklahoma case the county commissioners ordered the clerk to advertise for bids for the construction of a bridge, and it was held that the power of referendum reserved to the legal voters of a county was applicable only to laws or legislative action as distinguished from administrative or executive action. *Brazell v. Zeigler,* 26 Okla. 826, 110 Pac. 1052.

In *Monahan v. Funk,* 137 Or. 580, 3 Pac. (2d) 778, a city ordinance provided for the purchase of property for garbage incinerating plant, and to acquire real property for such plant. This was held to be merely an administrative act, and not subject to referendum. It is said in that case: "The crucial test, for determining that which is legislative and that which is administrative, is whether the ordinance was one making a law or one executing a law already in existence."

"Notwithstanding the broad language of these and other statutes, the courts have uniformly recognized the distinction between acts that were legislative and those that were administrative, and have said that the initiative and referendum applied only to the former." *Murphy v. Gilman,* 204 Ia. 58, 214 N. W. 679.

"Both legislative and executive powers are possessed by municipal corporations. Often executive powers are vested in the council or legislative body and exercised by motion, resolution or ordinance. Executive action evidenced by ordinance or resolution does not subject such action to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. The mode of effecting the action is not important. If legislative the law contemplates the people may invoke the referendum. The referendum is usually held 'applicable to all ordinances and resolutions which constitute an exercise of legislative power.' That is, it was designed to be directed against 'supposed evils of

legislation alone.' 'To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city. In many cases it would entirely prevent the exercise of the executive power necessary to carry out the acts determined upon by the legislative department. In the absence of a very clear declaration to the contrary it must be presumed that the power of referendum was intended to apply solely to the legislative powers of the city.' An act purely executive in character, unmixed with the exercise of legislative power, is not subject to the referendum. But if the act done is essentially legislative the referendum may be invoked, irrespective of the naming of the act, whether denominated a motion, resolution or ordinance. Of course, accurately speaking, an ordinance is the proper designation for legislative action." 7 McQuillin, Municipal Corporations, Supp. 6621, sec. 351c.

In the opinion of the court, the action of the mayor and city council taken on May 31, 1940, accepting the bid of the plaintiff and entering into the contract, was an act which was purely administrative in character, unmixed with the exercise of any legislative power.

That being our conclusion, the act was not subject to referendum, and the other objections need not be discussed. The judgment is reversed and the cause remanded for further action in the premises.

REVERSED.