DONALD E. KELLEY ET AL., APPELLANTS, V. ARTHUR JOHN, AS MAYOR AND MEMBER OF THE CITY COUNCIL OF THE CITY OF MCCOOK, NEBRASKA, ET AL., APPELLEES, J. HAROLD DONALDSON, JR., ET AL., INTERVENERS-APPELLEES.

75 N. W. 2d 713

Filed March 24, 1956. No. 33971.

*Morrison, Lyons & Starrett* and *Kennedy, Holland, DeLacy & Svoboda,* for appellants.

*Stanley R. Scott,* for appellees.

*Russell & Colfer* and *J. D. Wood, Jr.,* for interveners-appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal by plaintiffs from an order and judgment of the district court for Red Willow County, sustaining defendants' demurrer to plaintiffs' petition and dismissing the action.

The plaintiffs, Donald E. Kelley and Georgia E. Kelley, are the owners of Lots 10 through 19, Block 3, Kelley's Hilltop Addition to the City of McCook, Nebraska. The plaintiff, F. E. Dillman, is the representative of the Berean Fundamental Church Council, Inc., a religious organization which owns Lot 9 in Block 3, the remainder of the property involved in this suit. The plaintiff, Safeway Stores, Incorporated, is the holder of an option agreement to purchase all of the described property, which option has been exercised conditional upon the rezoning of the property for business use. The plaintiffs, Solomon W. Stilgebouer and John Lenhart are citizens, residents, voters, and taxpayers in the city of McCook.

The defendant, City of McCook, a municipal corporation, is a city of the first class operating under the city manager plan. The other defendants are the mayor, city clerk, city treasurer, and the members of the city council of the city of McCook.

On November 27, 1952, the city of McCook established by ordinance a comprehensive zoning plan regulating and restricting the construction and use of buildings within zoning districts, and creating a board of adjustment and fixing its powers and time and place of meeting. Under this ordinance, the validity of which is not questioned, the property here involved was zoned as residential property.

On May 31, 1955, certain owners of property adjoin-

ing Block 3 petitioned the city council to rezone the use of the property from residential to business use. Other parties joined in the proceedings. Notice was given of a public hearing on the matter, as required by the original zoning ordinance. After a hearing, the city council adopted Ordinance No. 795 rezoning Block 3 as "Neighborhood Business District Zone 4-A." Such classification permits the operation of retail stores within the prescribed zone. No appeal was taken to the board of adjustment or to the courts in the manner authorized by statute. Instead, petitions were filed, containing a sufficient number of signers, to obtain a referendum on Ordinance No. 795. The city council found the petitions sufficient and designated December 7, 1955, as a special election day for the referendum. This suit was then commenced, praying that the defendants be enjoined from calling or holding the referendum election. Due to the pendency of the present suit the election was not held on December 7, 1955. Such referendum election is now called for the general municipal election to be held on April 3, 1956.

The applicable portion of the controlling referendum statute provides as follows: "The referendum may be ordered upon any ordinance or measure except ordinances making the annual tax levy, appropriating money to pay the salaries of officers and employees, or relating to local improvements and assessments therefor, * * *." § 19-640, R. R. S. 1943. It is the rule in this state that the referendum provisions of our statutes apply to legislative acts, but not to administrative or executive matters. If an ordinance serves merely to put into execution a previously enacted law, it is clearly administrative or executive in character. The crucial test for determining that which is legislative from that which is administrative or executive is whether the action taken was one making a law, or executing or administering a law already in existence. State ex rel. Ballantyne v. Leeman, 149 Neb. 847, 32 N. W. 2d 918;

State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N. W. 2d 683; Read v. City of Scottsbluff, 139 Neb. 418, 297 N. W. 669. It seems clear to us that an ordinance adopting a comprehensive plan for zoning a city is a legislative matter. It is a determination that the mayor and council of a city, acting legislatively, have concluded that zoning is beneficial to the best interests of the city. Since it is legislative in character, it may be submitted to the qualified electors of the city in the form of a referendum to determine if the ordinance shall or shall not be approved. In the present case no such action was taken and the validity of the ordinance of November 27, 1952, is not questioned.

The ordinance of November 27, 1952, provides for the creation of a board of adjustment to whom appeals may be taken from ordinances purporting to make changes and amendments. Appeals to the district court may be taken from a decision of the board of adjustment as provided by section 19-912, R. R. S. 1943. It is the contention of the appellants that this constitutes the exclusive remedy in the present case. Whether or not this is true is dependent on whether the ordinance changing the classification of the lands in question to "Neighborhood Business District Zone 4-A" is an administrative or legislative act. We conclude that the passage of Ordinance No. 795 is an administrative act. It is the carrying out of the purposes of the comprehensive zoning ordinance and, in so doing, the procedures provided in section 19-912, R. R. S. 1943, are exclusive. We point out that section 19-904, R. R. S. 1943, provides that the city council is to provide the manner in which regulations and restrictions, and the boundaries of the districts are to be determined, established, and enforced, and from time to time amended, supplemented, or changed. It provides for public notice and a public hearing. Under section 19-912, R. R. S. 1943, an appeal to the courts to finally determine the issues raised is provided.

It seems clear to us that the ordinance in question purports to carry out the purposes of the comprehensive zoning ordinance which latter ordinance was a valid exercise of legislative power. In putting this ordinance into effect, the city council acts administratively. In State ex rel. Ballantyne v. Leeman, *supra,* we said: "It was set out generally that when an ordinance enacts a law, or lays down a rule of conduct or course of policy to guide the citizens, there can be no question but that it is legislative in character and referable; but, on the other hand, if it serves simply to put into execution previously enacted laws it is clearly executive or administrative in character." See, also, Monahan v. Funk, 137 Or. 580, 3 P. 2d 778; Burdick v. City of San Diego, 29 Cal. App. 2d 565, 84 P. 2d 1064.

It is fundamental also that to permit a referendum to be invoked to annul or delay executive action would be to destroy the efficiency necessary to successful administration of the business affairs of a municipality. Read v. City of Scottsbluff, *supra.* The policy of the municipality was determined by the adoption of the comprehensive zoning ordinance. The administration of the ordinance, including the changes in classification of particular pieces of property, very rarely affects all the electors of a municipality. To say that administrative determinations are subject to referendum could defeat the very purposes of zoning. The uniformity required in the proper administration of a zoning ordinance could be wholly destroyed by referendum. A single decision by the electors by referendum could well destroy the very purpose of zoning where such decision was in conflict with the general scheme fixing the uses of property in designated areas. This alone is sufficient to sustain the holding that an ordinance, administrative in character, is not subject to referendum. It would permit the electors by referendum to change, delay, and defeat the real purposes of the comprehensive zoning ordinance by creating the chaotic situation

such ordinance was designed to prevent. The determination as to whether or not a city desires to embark upon a policy of zoning for the purpose of regulating and restricting the construction and use of buildings within fixed areas is a legislative matter subject to referendum. But when such policy has been determined, the changing of such areas, or the granting of exceptions, are committed to the mayor and council as administrative matters in order to secure the uniformity necessary to the accomplishment of the purposes of the comprehensive zoning ordinance. In the case at bar the city council has sought to fit the property here involved into a master plan which it believes properly should be classified as business property. If its action may be nullified by a referendum, then the comprehensive master plan becomes a nullity and every change of classification of property made by the city council will be subject to the whims of the electors without regard to the master plan. No such result was intended by the Legislature which lends support to the reasoning of our holdings that administrative acts carrying out the purposes of a valid ordinance are not referable to the electors. The following cases support the principle, although they are dissimilar on their facts. Simpson v. Hite, 36 Cal. 2d 125, 222 P. 2d 225; Whitbeck v. Funk, 140 Or. 70, 12 P. 2d 1019; Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308.

For the reasons herein stated, the ordinance changing the classification of the property here involved from a residence classification to a business classification is administrative in character and therefore not a matter that could be referred to the electors under the referendum provisions of our statutes. The procedures provided in the comprehensive zoning ordinance, described as Ordinance No. 699, provide the exclusive method for determining the correctness of the action of the city council and the board of adjustment. A party aggrieved by findings and orders of the board of adjustment has a remedy

by appeal to the district court. The action of the city council in referring Ordinance No. 795 was therefore without legal authority. The judgment of the district court in sustaining the action of the city council in directing that Ordinance No. 795 be referred to the electors of the city under the referendum act is therefore in error. The judgment of the district court is reversed and the cause remanded with directions to the trial court to overrule the demurrer to plaintiffs' petition.

REVERSED AND REMANDED WITH DIRECTIONS.