LEASING OF MUNICIPALLY OWNED PROPERTY FOR LONGER THAN ONE YEAR It is constitutionally legal for a municipality to lease municipally owned property for more than one year without a vote of the people pursuant to Article XVIII, Section 6, of the Oklahoma Constitution. The Attorney General is in receipt of your letter dated February 18, 1971, wherein in effect, you ask the following question: "Is it legal for a municipality to lease municipally owned property for more than one year without a vote of the people?" Article XVIII, Section 6, of the Oklahoma Constitution, provides in part as follows: "Every municipal corporation within this State shall have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said corporation." This is specific, imperative language without limitation and thereby empowers municipalities to engage in business enterprise outside the scope of ordinary legislative and governmental functions, City of Pawhuska v. Pawhuska Oil Gas Co.,118 Okl. 201, 203, 248 P. 336, 338 (1926). More specifically, the long-term leasing of public property has been included within the municipality power. In Atlas Life Insurance Co. v. Bd of Educ., 83 Okl. 12, 200 P. 171 (1921), the legal question involved was whether or not a certain lease for 99 years, executed by the Board of Education of the City of Tulsa to a private party, was valid and proper. For purposes of discussion, it was admitted that the Board of Education of the City of Tulsa was a division of the city, a municipal corporation, and the question therein related to the conveyance of a written lease and the giving of a merchantable title thereto. The Court held that municipal corporations do possess the incidental or implied right to alienate or dispose of property, real or personal, of the corporation, of a private nature unless restrained by charter or statute, and pursuant thereto, the city's subdivision did possess the power to lease for 99 years to the private corporation for private purposes, any property, real or personal, held by it which had become unsuitable or was not needed for municipal purposes. There are a number of opinions in which the foregoing constitutional provision is cited to support municipal authority to engage in enterprise of a type not ordinarily franchised when undertaken by a private proprietor. These opinions can best be explained upon the basis that, if the activities were carried on privately, and structures placed on public land, this would require either leasing or franchising. A wider authority then appears to have been given to municipalities with reference to the long-term leasing of public property, Merrill, "The constitutional rights of Oklahoma Cities", 21 Okla. Law Rev. 266 (1968). The provisions of ArticleXVIII, Section 5, of the Oklahoma Constitution, pertaining to franchises, is not applicable herein, because a franchise does not embrace the property required by the exercise of the franchise, nor does it involve an interest in land acquired by the grantee, Bridgeport v. New York N.H.R. Co., 26 Conn. 255, 4 Am. Rep. 63; Whitheck v. Funk, 140 Or., 70, 12 P.2d 1019. Therefore, the constitutional grant to a municipality to lease on a long-term basis, is not thereby limited subject to a vote of the people. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. It is constitutionally legal for a municipality to lease municipally owned property for more than one year without a vote of the people, pursuant to Article XVIII, Section 6. (Larry L. French)