LLOYD HOOVER, AND IN BEHALF OF ALL OTHER PERSONS SIMIILARLY SITUATED, APPELLANT, V. JOHN CARPENTER ET AL., APPELLEES.

197 N. W. 2d 11

Filed May 5, 1972. No. 38305.

E. Merle McDermott, for appellant.

Duane A. Burns and Young, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellees.

Stewart, Calkins, Duxbury & Crawford, for amicus curiae.

Heard before SPENCER, SMITH, and NEWTON, JJ., and CHADDERDON and C. THOMAS WHITE, District Judges.

SMITH, J.

The broad question is whether a municipal ordinance that established rates for electric energy supplied by a plant owned by the city is subject to referendum. Although the district court dismissed a petition to uphold the right of referendum by a declaratory judg-

ment, it found the referendum inapplicable. Plaintiff appeals.

The City of Grand Island, a city of the first class, operates under the city manager form of government. It has adopted the referendum laws pertaining to cities of the first class.

The city pursuant to a vote of the electors in 1905 acquired a light plant for supplying customers at retail. Revenue bonds have been issued from time to time, and some are outstanding. The council in November 1970, enacted an ordinance that generally increased electric rates charged to retail customers. The service area extended outside the territorial limits of the city.

No ordinance, resolution, or contract may abridge the powers of cities of the first class to establish rates for supply of electric energy. § 16-679, R. R. S. 1943. Other sections provide that electors of such cities may reserve the right of referendum on any ordinance or other measure subject to exceptions immaterial here. See, §§ 18-119, 18-129, 19-638, and 19-640, R. R. S. 1943. The council must levy a sufficient tax to operate the plant and to provide for payment of bonds. See § 19-1403, R. S. Supp. 1971.

In 1963 the Legislature established the Power Review Board chiefly to eliminate competition among public suppliers of electric energy at wholesale and retail. Section 70-1017, R. R. S. 1943, a part of the original act, reads: "Any supplier of electricity at retail shall furnish service, upon application, to any applicant within the service area of such supplier. If the supplier and the applicant cannot agree upon any of the terms under which service is to be furnished, or if the applicant alleges that the supplier is not treating all customers and applicants fairly and without discrimination, the matter shall be submitted to the board for hearing and determination." From any final action of the board an appeal may be taken to this court. § 70-1016, R. R. S. 1943.

Differences exist among the States on the applicability of the referendum to rates of municipal utilities. See 5 McQuillin, Municipal Corporations (3d Ed. Rev., 1969), § 16.57, n. 65, p. 220, and 16.58, n. 98, p. 225; 12 id., § 35.37, p. 479 (1970). Language reserving the right no doubt accounts for some of the differences.

For purposes of judicial review of the reasonableness of rates, the establishment of rates is ordinarily a legislative function. See Kansas-Nebraska Nat. Gas Co., Inc. v. City of Sidney, 186 Neb. 168, 181 N. W. 2d 682 (1970).

The Legislature in providing for the right of referendum has used the word "legislative" or a similar word in one section alone. See § 18-119, R. R. S. 1943. This court has said that legislative matters, but not administrative matters, are subject to the right. See Kelley v. John, 162 Neb. 319, 75 N. W. 2d 713 (1956) (rezoning ordinance with right of appeal was an administrative matter not subject to referendum). The contradistinction has been criticized on the ground that its application is difficult, and abandonment of it has been recommended. See Antieau (4th Ed., 1964), Cases and Problems on the Law of Municipal Corporations, pp. 299, 300. The criticism is not without merit. Compare Kelley v. John, *supra*, with Scottsbluff Improvement Assn. v. City of Scottsbluff, 183 Neb. 722, 164 N. W. 2d 215 (1969) (rezoning ordinance was a legislative matter not subject to judicial review by a proceeding in error); cf. School Dist. No. 23 v. School Dist. No. 11, 181 Neb. 305, 148 N. W. 2d 301 (1967).

Without an apocalyptic view, we adopt this rule: Whether a municipal ordinance is subject to the right of referendum is determined by the language of the governing legislative provision for referendums and by the facts of each case. Kelley v. John, *supra*, is modified accordingly.

In the present case we consider (1) the number of electors affected; (2) the existence of revenue bonds;

(3) the temporal nature of the rate ordinance; (4) the statutory authority of the Power Review Board; (5) the need for expertise to determine the reasonableness of rates; and (6) the fairness of our denying or upholding the right of referendum. Only the first consideration points toward the right of referendum. The others point the opposite way.

The district court in finding referendum inapplicable was correct.

AFFIRMED.